UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 26-14347-CV-DIMITROULEAS**

KAWANISHI DESTIN,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Respondents.
_______________________________________/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner Kawanishi Destin ("Petitioner")'s *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [DE 1], filed September 11, 2026. The Government has argued that the Petition must be denied because Petitioner is detained under 8 U.S.C. § 1225(b)(1), which requires mandatory detention, and that the Court lacks jurisdiction to review the Department of Homeland Security's decision to place Petitioner in expedited removal proceedings. [DE 9] at 3–8. The Court has considered the Petition [DE 1], the Government's Response [DE 9], and is otherwise fully advised in the premises. Upon close consideration, the Petition [DE 1] is **GRANTED IN PART**.

As an initial matter, Petitioner contends that he is entitled to a bond hearing. [DE 1] at 7. The Government responds that Petitioner is not eligible for a bond hearing because he was placed in expedited removal and detained under the authority provided in 8 U.S.C. § 1225(b)(1). [DE 9] at 7. The Court agrees with the Government that detention under § 1225(b)(1) is mandatory. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) (Any "alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have

such a fear, until removed."). Critically in this matter, however, Petitioner was placed in expedited removal proceedings upon his arrival in the United States, on February 6, 2013. [DE 9] at 2. U.S. Border Patrol determined that he was inadmissible because he lacked valid entry documents under § 1182(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and subject to expedited removal under 8 U.S.C. § 1225(b)(1). [DE 9-2]. Petitioner did not claim that he had a fear of persecution or torture if returned to Haiti. [DE 9] at 2. Thus, under the mandatory language of § 1225(b), Respondents were obligated to keep Petitioner "detained … until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). Instead, on February 11, 2013, three days after being transferred from Puerto Rico to Broward County, Petitioner was placed under an Order of Supervision and released. [DE 9] at 2. ICE ERO next encountered Petitioner thirteen years later, on August 26, 2026. *Id.* ICE ordered him removed subject to the outstanding order of removal. *Id.*

The Government also argues that the Court lacks jurisdiction to review the Department of Homeland Security's decision to place Petitioner in expedited removal proceedings. [DE 9 at 3–6]. An expedited order of removal is a "streamlined form of proceeding applicable only to certain noncitizens" that bypasses proceedings before an immigration judge and limits judicial review. *Coal. For Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 59–60 (D.D.C. Aug. 1, 2025), *vacated on other grounds,* 185 F.4th 1275 (D.C. Cir. 2026). Judicial review of an expedited removal order is governed by 8 U.S.C. § 1252. *See Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345 (S.D. Fla. 2019) (citing *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426 (3d Cir. 2016)). The statute provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title[.]

8 U.S.C. § 1252(a)(2)(A)(i). The statute does permit judicial review in habeas corpus proceedings of determinations made under § 1225(b)(1), applicable to expedited removal, but only in very limited circumstances. *Id*. § 1252(e)(2). Courts are limited to reviewing determinations of (1) whether the petitioner is an alien; (2) whether the petitioner was in fact ordered removed under § 1225(b)(1); and (3) whether the petitioner can prove he is a lawful permanent resident, was admitted as a refugee, or was granted asylum. *Id*. §§ 1252(e)(2)(A)–(C).

In his Petition, Petitioner does not dispute the determination of whether he is an alien, whether he was ordered removed, or whether he can prove he is an alien who was lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum, any of which would be reviewable under § 1252(e)(2). *See generally* [DE 1].

However, this Court recognizes that Respondents' apparent failure to follow statutory requirements demonstrates that § 1225(b)(1) no longer applies to Petitioner. The sole exception to mandatory detention for a noncitizen subject to § 1225(b)(1) is under 8 U.S.C. § 1182(d)(5)(A), which allows for DHS to "parole into the United States temporarily … for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). Expedited removal orders are generally carried out within a few days at most. *See Garcia da Silva v. Nessinger*, 2026 WL 2082614, at *2 (D. R.I. July 20, 2026) (quoting *Suarez-Lugo v. Bondi*, 819 F. Supp. 3d 653, 659 (S.D. Tex. 2026)). That is not what occurred here. Petitioner signed a Form I-220(B), the Order of Supervision used for release of noncitizens subject to a final order of release under 8 U.S.C. § 1231. [DE 9-4]; *see also Maceo Rodriguez by next friend Rodriguez Trujillo v. Warden*, No. 25-cv-3626-AGS-MSB, 2026 WL 768623, at *1 (S.D. Cal. Mar. 17, 2026). ICE used Form I-220B in Petitioner's case, as opposed to parole documents,

the appropriate procedural vehicle for release of a noncitizen subject to § 1225(b)(1). Petitioner's release under § 1231 supervised release was therefore without statutory authority and contrary to § 1225(b)(1).

Rather, because Petitioner was not removed in accordance with his expedited removal order in 2013, he can no longer be considered an "arriving alien" for purposes of the statutory provision. *See Cetino v. Hardin*, 2025 WL 3558138, at *3 (M.D. Fla. Dec. 12, 2025) (interpreting the statutory text to suggest that § 1225 does not apply to aliens who have been in the United States for long periods, and noting that "[t]he use of "arriving" [in the title of §1225] indicates that the statute governs incoming noncitizens, not those present already.").

Given Petitioner's status and Government's non-compliance with expedited removal detention requirements, the Court believes that § 1226(a) and its implementing regulations govern Petitioner's detention, entitling Petitioner to an individualized bond hearing. The Court takes no position as to whether Petitioner should be granted release on bond by the Immigration Judge, just that Petitioner is entitled to an individualized bond hearing.

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition [DE 1] is **GRANTED IN PART** as follows:

1. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) within seven days, by **October 7, 2026**, and file a notice in the record upon the completion of the bond hearing indicating (1) that an individualized bond hearing was afforded and (2) the outcome of that bond hearing.
2. A hearing in this matter is hereby set for 1:00 P.M. on **Friday, October 9, 2026**, in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort

Lauderdale, Florida. The hearing may be cancelled upon notification that the bond hearing was held.

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions.
4. The Court **RETAINS JURISDICTION** to enforce this Order.
5. The Clerk shsll mail a copy of this order to petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record

Kawanishi Destin, *Pro Se*
A205-670-103
Stuart ICE Facility
3500 SE Commerce Ave.
Stuart, Fl. 33997